IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN PADILLA,

       Plaintiff,

v.                                                    Civil No. 10-785 WJ/RHS

NENMDF MEDICAL DEPT.., et al.,

       Defendants.

## ORDER REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

**THIS MATTER** is before the Court *sua sponte*. Plaintiff alleges that he suffered a knee injury on March 27, 2009. In this lawsuit, Plaintiff claims that Defendants have demonstrated "[d]eliberate indifference to serious medical needs [and] the existence of chronic and substantial pain" associated with that injury. (Complaint (and attachments), Ex. A, attached to Notice of Removal of Action by Defendants Correctional Medical Services, Inc., Dr. Faris, Nurse Stevenson and Nurse Breen pursuant to 28 U.S.C. Sections 1331, 1441, 1443 and 1446, filed August 20, 2010 **[Doc. 1]**). Plaintiff seeks monetary damages against Defendants. Among their affirmative defenses, Defendants contend that Plaintiff's suit "is barred in whole or in part by, and is subject to all limitations contained in, the Prison Litigation Reform Act [("PLRA")]." (Defendants Faris, Breen, Stevenson and Correctional Medical Services, Inc.'s Answer to Complaint at 3 ¶ 7, filed Aug. 20, 2010 **[Doc. 2]**).

The PLRA provides, *inter alia*, that "[n]o action . . . with respect to prison conditions" under § 1983 may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff apparently filed his Complaint while incarcerated at the Northeast New Mexico

Detention Facility ("NENMDF").  Because Plaintiff was incarcerated at the time he filed this action, he was required to comply with the exhaustion requirement.  See Norton v. The City Of Marietta, Okla., 432 F.3d 1145, 1150-1151 (10th Cir. 2005).  However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, 549 U.S. 199, 216 (2007); cited in Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007).  Rather, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant."  Roberts, 484 F.3d at 1241.

Accordingly, Defendants will be directed to file a brief (or, in the alternative, an appropriate motion) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint in this case.  Defendants shall attach or reference legible copies of any and all applicable policies, grievances, grievance logs, affidavits and other materials pertaining to the issue of Plaintiff's exhaustion of administrative remedies.  Plaintiff shall be permitted an opportunity to file a response to Defendants' brief or motion.

**WHEREFORE**,

**IT IS ORDERED** that Defendants shall file a brief (or, in the alternative, an appropriate motion) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint on or before **Monday**, **April 4, 2011**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days after being served with a copy of Defendants' brief or motion regarding exhaustion to file a response.

_/s/ Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE